■ RANDALL L. GARWOOD, Appellant, v SHEEN & SHINE, INC., et al., Respondents.—Order and judgment unanimously affirmed without costs. Memorandum: In this action for fraud, plaintiff alleges that he had been employed by defendant corporation as a bookkeeper for approximately one year when he was offered employment by the Town of Irondequoit at a higher rate of pay; that he intended to accept such offer, and submitted his resignation to defendants; that defendants thereupon offered to continue plaintiff's employment "at a pay equal to that offered by the Town of Irondequoit"; that defendants' representative "told plaintiff that he was satisfied with the plaintiff's job performance and would continue the plaintiff as an employee as long as plaintiff performed his job in the

same manner as he had previously done so"; that in reliance thereon, plaintiff accepted defendants' offer and rejected the Town's offer; and that approximately three weeks later, defendants terminated plaintiff's employment without stating "any cause of such termination".

The essence of plaintiff's cause of action for fraud is found in paragraph 15 of the complaint, which states: "At the time the representations were made by defendants to the plaintiff the defendants had no intention to perform the continued agreement for employment at higher pay, and at the time that said representations were made by the defendants said defendants intended to discharge the plaintiff after a short period of continued employment when plaintiff no longer had the opportunity of employment with the Town of Irondequoit."

Defendants moved to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). Supreme Court granted the motion, and we affirm.

The complaint fails to state a legally sufficient cause of action for fraud because the only fraud alleged relates to the breach of the employment contract (see, Dalton v Union Bank, 134 AD2d 174, 176; Wegman v Dairylea Coop., 50 AD2d 108, 113, lv dismissed 38 NY2d 918; see also, Spellman v Columbia Manicure Mfg. Co., 111 AD2d 320, 324). A failure to perform the contract as agreed "is merely a breach of contract, which must be enforced by an action on that contract" (Wegman v Dairylea Coop., supra, at 113). Here, however, plaintiff is an at-will employee, terminable at any time for any reason, or for no reason at all (see, O'Connor v Eastman Kodak Co., 65 NY2d 724). Thus a contract claim, if pleaded, would also fail. Plaintiff has stated no legally sufficient cause of action, and the complaint was properly dismissed. (Appeal from Order and Judgment of Supreme Court, Monroe County, Willis, J.—Dismiss Complaint.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.