■ ROBERT HULING, Doing Business as GENEVA TOOL AND MANUFACTURING Co., Respondent, v HARRY COPP, Respondent and Third-Party Defendant, SENECA LUMBER, INC., Appellant and Third-Party Plaintiff-Respondent, and GUARDIAN PURCHASING CORP., Defendant and Third-Party Defendant-Appellant, et al., Defendant. IKO MANUFACTURING, INC., Third-Party Defendant-Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff contracted with defendant Copp to install a new roof on a commercial building located in Geneva, New York. For $8,500, Copp installed "half lap roofing", using roofing paper manufactured either by defendant IKO Roofing Industry or by third-party defendant IKO Manufacturing, Inc. and adhesive distributed by Guardian Purchasing Corp. (Guardian). Copp purchased the products from Seneca Lumber, Inc. (Seneca) and guaranteed the roof for a ten-year period.

Within a few months of installation, plaintiff noticed leaks in the roof, and an examination revealed that large areas of the roofing paper had blown away. Copp opined that the roof would have to be completely removed and replaced. Plaintiff brought suit against Copp, Seneca, IKO Roofing and Guardian, seeking damages for breach of contract and additional sums expended on repairs to the building necessitated by the leaking roof. Defendants interposed cross claims for indemnification.

After a bench trial, the court found for plaintiff on Copp's breach of the ten-year guarantee, and awarded judgment over against Seneca. The court then granted Seneca's cross claim against Guardian and dismissed all claims against IKO Roofing and IKO Manufacturing. Finally, the court granted a posttrial motion by Seneca seeking attorney's fees from Guardian. Both Seneca and Guardian have appealed, arguing that cross claims against them should have been dismissed, and Guardian challenges the award of counsel fees to Seneca.

With respect to the findings of liability on plaintiff's main claim and the cross claims of Copp and Seneca, the judgment should be affirmed. Plaintiff established a breach of the ten-year guarantee, which Copp testified went both to his labor and to the materials used. As to Copp's cross claim, he successfully excluded all causes of the roof failure not related to the products, and was thus entitled to an inference of product defect *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Titlebaum v Loblaws, Inc.,* 64 AD2d 822). The proof also established that the roofing paper was not a self-adhesive product and was dependent on the installation and the cement to maintain the bond. Since the proof negated both the roofing paper and the installation as causes of the roof failure, Seneca established that the roof failure was caused by defective adhesive.

We find that the proof established plaintiff's damages at $8,500. We also find that Supreme Court correctly found that Seneca was in privity with Guardian. We conclude, however, that Supreme Court erred in granting the motion of Seneca which sought counsel fees from Guardian. It is the general rule that each party bears the cost of its own attorney's fees *(see, Harradine v Board of Supervisors,* 73 AD2d 118, 121). An exception to this rule exists when the party seeking an award of fees shows that the opposing party's malicious or tortious conduct proximately caused it to incur legal fees *(see, Central Trust Co. v Goldman,* 70 AD2d 767, *appeal dismissed* 47 NY2d 1008; *United Pickle Co. v Omanoff,* 63 AD2d 892). No such showing was made here and thus the award of counsel fees must be deleted from the judgment. (Appeals from Judgment of Supreme Court, Ontario County, Henry, Jr., J.—Breach of Warranty.) Present—Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.