■ JOSEPH A. LOCASCIO, III, Respondent, v JAMES V. AQUAVELLA, M.D., P. C., et al., Appellants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying defendants' motion to dismiss plaintiff's amended cause of action for fraud. Although stated in terms of fraud, the gravamen of plaintiff's fourth cause of action is that defendants did not intend to perform their obligations under the February 12, 1987 letter of intent by permitting plaintiff to purchase 50% of the shares of defendant professional services corporation. Because the only fraud alleged arises out of the same facts that serve as the basis for his causes of action for breach of contract, plaintiff's amended complaint fails to state a legally sufficient cause of action for fraud (see, Garwood v Sheen & Shine, 175 AD2d 569, 570, lv denied 78 NY2d 864; see also, Sparka Travel v Hamza, 182 AD2d 1067). Although fraud may exist in the inducement of a contract, where, as here, it is based solely on the failure to perform a promised future act, plaintiff's remedy lies in an action on the contract (see, Garwood v Sheen & Shine, supra, at 570; Wegman v Dairylea Coop., 50 AD2d 108, 113, lv dismissed 38 NY2d 918).

Further, there was no basis for Supreme Court to conclude that plaintiff's amended complaint alleged facts sufficient to support a theory of liability in tort. Neither the nature of the parties' relationship nor the terms of their agreement suggest that defendants owed plaintiff a further duty of affirmative care upon which such a cause of action could be based (see, Sommer v Federal Signal Corp., 79 NY2d 540; Charles v Onondaga Community Coll., 69 AD2d 144, appeal dismissed 48 NY2d 650). Because the remaining causes of action sound only in breach of contract, punitive damages are not available and plaintiff's claim for them must also be dismissed (see, Wegman v Dairylea Coop., supra, at 113; see also, Charles v Onondaga Community Coll., supra, at 149). In addition, in the absence of a statutory or contractual basis for payment of attorney's fees they are generally not recoverable (see, Umfrey v NeMoyer, 184 AD2d 1047; cf., Huling v Copp, 175 AD2d 572, 573). Thus, defendants' motion is in all respects granted. (Appeal from Order of Supreme Court, Monroe County, Willis, J.—Breach of

Contract.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.