■ CHECK-MATE INDUSTRIES, INC., Appellant, v SAY ASSOCI-ATES, Respondent. [597 NYS2d 125] —In an action for the specific performance of an option to purchase real property, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an amended judgment of the Supreme Court, Suffolk County (Baisley, J), dated December 13, 1990, as, after a hearing, denied it an award of attorneys' fees.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The plaintiff in this case was granted specific performance against the defendant in connection with an option to purchase the defendant's building, and that determination was affirmed by this Court. In addition, this Court remitted the case to the Supreme Court for a determination as to whether the plaintiff would be entitled to attorneys' fees *(see, Check-Mate Indus. v Say Assocs.,* 104 AD2d 392).

We now find that the court properly held, after a hearing, that the defendant's conduct did not warrant a departure from the general rule that attorneys' fees are not recoverable unless there is a contractual or statutory provision therefor *(see, Huling v Copp,* 175 AD2d 572; *Park S. Assocs. v Essebag,* 113 Misc 2d 1026, *affd* 126 Misc 2d 994). The plaintiff did not demonstrate that the defendant "contumaciously" deprived the plaintiff of its clear entitlement to legal title, forcing the plaintiff to "rescue [itself] through legal action" *(Park S. Assocs. v Essebag, supra,* at 1028).

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.