■ Yossi Shlang et al., Respondents, v Bear's Estates Development of Smallwood, N. Y., Inc., Doing Business as Tallwood Country Estates, et al., Appellants. [599 NYS2d 141] —Mahoney, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered September 25, 1992 in Sullivan County, which granted plaintiffs' motion for leave to serve an amended complaint.

In April 1989, plaintiffs entered into an "agreement for lot & home purchase" with defendant Bear's Estates Development of Smallwood, N. Y., Inc. (hereinafter defendant), the developer of a residential subdivision known as Tallwood Estates in the Town of Bethel, Sullivan County, whereby defendant was to convert a partially constructed five-room dwelling on one of the subdivision lots into a six-bedroom, three-bathroom single-family home and sell it to plaintiffs for the sum of $372,000. The contract contained an express representation by defendant "that the septic system shall be adequate to service a single family residence containing six bedrooms and 3 bathrooms, however, not to exceed a total of 8 people at any one time".

At the time expansion work began, a below-ground septic system was in place on the lot, evidently having been installed during the initial phase of construction. As reflected in the system diagram, it contained a 1,000 gallon septic tank and 300 linear feet of leaching trench. Due to the mediocre percolation rate of 31 to 45 minutes, this length of trench was, according to standards promulgated by the State Department of Health, suitable only to service a two-bedroom home. By all accounts, the septic system was not reconfigured during the expansion to accommodate the increased effluent volume attendant to a larger dwelling.

Shortly after plaintiffs closed title and took possession, the

septic system failed. While defendant's efforts at remediation were successful for a period, when problems reoccurred plaintiffs commenced the instant action. The first cause of action sounded in fraudulent inducement to contract and was interposed against defendant and its president, defendant Eugene Krygier. The second cause of action was for breach of contract against defendant only. Following joinder of issue, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action. Plaintiffs opposed the motion and requested, in the alternative, leave to replead in the event the motion was granted. Supreme Court concluded that the fraudulent inducement claim was insufficient, as pleaded, but that the evidence submitted by plaintiffs indicated good grounds to support a fraudulent inducement claim on as yet unpleaded facts. Accordingly, while it granted defendants' motion to dismiss, it permitted plaintiffs leave to replead. Defendants appeal from so much of the court's order which granted leave to replead.

We affirm. While it is true that a separate cause of action seeking damages for intentional fraud cannot stand when the only fraud alleged relates to breach of a contract *(see, e.g., Tierney v Capricorn Investors,* 189 AD2d 629; *Garwood v Sheen & Shine,* 175 AD2d 569, *lv denied* 78 NY2d 864), contrary to defendants' apparent assertions this principle is not a wholesale prohibition against joining fraud and contract claims. Rather, it is well established that a party who is fraudulently induced to enter into a contract may join a cause of action for fraud with one for breach of the same contract *(see, RKB Enters. v Ernst & Young,* 182 AD2d 971, 972; *see also, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954). To sustain such a claim, however, the misrepresentations alleged in the pleadings must be more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them *(see, e.g., Deerfield Communications Corp. v Chesebrough-Ponds, Inc., supra).*

Here, we agree with defendants and Supreme Court that, with the exception of the allegation contained in paragraph 7 (h) of the complaint that the percolation rate of the soil was adequate for construction of a six-bedroom, three-bathroom home, as pleaded the misrepresentations alleged, most particularly that the construction would be in accordance with applicable State and local building codes, that necessary building permits and a certificate of occupancy would be obtained, are promissory in nature and are insufficient. However, in view of

the documentary evidence submitted by plaintiffs in opposition to the motion to dismiss which reflects that defendants knew or had reason to know of the soil's poor percolation rate and the inadequacy of the current system for the proposed five-room structure let alone for the redesigned six-bedroom home, we agree with the court that plaintiffs may indeed have good grounds to support a claim for fraudulent inducement based upon misrepresentation of existing facts. Accordingly, we perceive no abuse of discretion in the decision to grant plaintiffs' request for leave to replead (see, CPLR 3211 [e]).

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.