■ RONALD S. ROCCO et al., Individually and as Parents of MICHAEL A. ROCCO, an Infant, Appellants, v TOWN OF SMITHTOWN et al., Respondents. [645 NYS2d 187] —Order affirmed without costs. Memorandum: Where, as here, affidavits are

submitted in support of, and in opposition to, a motion to dismiss made pursuant to CPLR 3211 (a) (7), the issue is whether plaintiffs have a cause of action, not whether one has been stated (*see, Leon v Martinez*, 84 NY2d 83, 88; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636). To establish liability for the intentional infliction of emotional distress, plaintiffs were required to show that defendants' conduct was " ' "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" ' " (*Ruggiero v Contemporary Shells*, 160 AD2d 986, 987; *see also, Freihofer v Hearst Corp.*, 65 NY2d 135, 143). That same test has been applied to causes of action for the negligent infliction of emotional distress (*see, Chime v Sicuranza*, 221 AD2d 401; *Burrell v International Assn. of Firefighters*, 216 AD2d 346). Whether the alleged conduct is outrageous is, in the first instance, a matter for the court to decide (*Burba v Rochester Gas & Elec. Corp.*, 90 AD2d 984). At best, the complaint and supporting affidavits submitted by plaintiffs assert that defendants George Pav and Meadow Acres Realty Corporation (Meadow Acres), in negligently constructing plaintiffs' residence, used defective materials and failed to construct the home in a workmanlike fashion and in accordance with the requirements of the State Building Code. That conduct amounts to the breach of a construction contract, not the extreme and outrageous conduct required to support a cause of action for the negligent or intentional infliction of emotional distress.

Plaintiffs also allege that defendant Pav made fraudulent misrepresentations to induce the Building Department of the Town of Smithtown to issue a certificate of occupancy. "[A] separate cause of action seeking damages for intentional fraud cannot stand when the only fraud alleged relates to breach of a contract" (*Schlang v Bear's Estates Dev.*, 194 AD2d 914, 915; *see also, Tierney v Capricorn Investors*, 189 AD2d 629, 631-632, *lv denied* 81 NY2d 710; *Garwood v Sheen & Shine*, 175 AD2d 569, 570, *lv denied* 78 NY2d 864). Likewise, a cause of action for negligent misrepresentation must be based upon circumstances extraneous to performance of the contract (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *RKB Enters. v Ernst & Young*, 182 AD2d 971, 972). Plaintiff Pamela J. Rocco and defendant Meadow Acres signed the purchase contract on April 26, 1993. The affidavit containing the alleged misrepresentation was sworn to on June 23, 1993. Under the circumstances, the alleged misrepresentation was not made to induce plaintiff Pamela Rocco to enter into the purchase contract; it was made as part of the contractual duty to obtain a certificate of occupancy.

Thus, Supreme Court properly determined that plaintiffs have no cause of action for negligent or intentional fraud, negligent misrepresentation or negligent or intentional infliction of emotional distress, and the court properly dismissed those causes of action against defendants Pav and Meadow Acres. The court also properly dismissed the cause of action for negligent performance of contractual duties (*see, Westminster Constr. Co. v Sherman,* 160 AD2d 867).

All concur except Fallon and Boehm, JJ., who dissent in part and vote to modify in the following Memorandum.

Fallon and Boehm, JJ. (dissenting in part). We respectfully dissent. In our view, Supreme Court erred in dismissing the 13th and 14th causes of action alleging negligent infliction of emotional distress and intentional infliction of emotional distress with respect to defendants George Pav and Meadow Acres Realty Corporation. Although recovery for emotional distress may not be predicated upon the observation of damage to one's personal property, plaintiffs have stated a ground for recovery based upon their fear of physical injury as a result of defendants' tortious conduct, particularly in light of plaintiff Ronald S. Rocco's heart condition (*see, Atherton v 21 E. 92nd St. Corp.,* 149 AD2d 354, 356).

Furthermore, because plaintiffs allege that they relied upon negligent or fraudulent misrepresentations in the certificate of occupancy that induced them to close on the property, we conclude that they have stated a cause of action for fraud in the inducement. "[A] party who is fraudulently induced to enter into a contract may join a cause of action for fraud with one for breach of the same contract" (*Shlang v Bear's Estates Dev.,* 194 AD2d 914, 915). The court also erred therefore in dismissing the seventh and ninth causes of action, alleging fraud and misrepresentation. Thus, we would modify the order by vacating that part dismissing the seventh, ninth, 13th and 14th causes of action. (Appeal from Order of Supreme Court, Suffolk County, Newmark, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Boehm, JJ.