■ AUDREY M. EDELMAN, Appellant, v JERRY A. BUCHANAN et al., Respondents. [650 NYS2d 874] —Cardona, P. J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 19, 1995 in Tompkins County, which denied plaintiff's motion for summary judgment.

On December 29, 1989, defendants purchased property located at 1 Coventry Walk in the Village of Lansing, Tompkins County. The premises were part of a subdivision planned by plaintiff and her husband which was to be developed in three phases of nine lots each. According to plaintiff, the individual lots were to be sold to builders who would erect a home on the property. After construction was completed, plaintiff, a licensed realtor, would use her efforts to sell the home and earn a commission. Plaintiff managed to sell seven of the nine lots in phase one. One of these properties was purchased by defendants from Denny Glazier, the builder who constructed the home therein. In doing so, defendants obtained a first mortgage from Citizens Savings Bank (hereinafter the bank) in the amount of $130,000.

Plaintiff also assisted defendants in financing the purchase by lending them $56,000. Defendants duly executed a mortgage and note in that amount at an interest rate of 10.50%. The note provided that defendants would make monthly payments of $490 commencing on February 1, 1993. Defendants thereafter defaulted on the mortgage by failing to make the first payment due as well as subsequent installments, although they did make certain payments on their obligation in December 1993 and February, March and April 1994. Plaintiff ultimately

declared the note to be in default and initiated this action to collect on the debt, plus interest, and counsel fees.*

In their answer, defendants asserted a counterclaim alleging that plaintiff had committed fraud in representing to them that the entire development in which defendants' property was located would be completed and the private road partially constructed by plaintiff would be finished. According to defendants, plaintiff had no intention of completing the development and made the representation solely to induce defendants to purchase the property prior to her abandonment of the development scheme. At her examination before trial, plaintiff testified that she fully intended to complete the development but was having difficulty selling the remaining lots to builders because of a downturn in the real estate market and the fact that, on December 8, 1987, a moratorium was imposed on sewer permits by the Village of Cayuga Heights, Tompkins County, which owned the sewer treatment plant servicing the development. Plaintiff testified that builders were reluctant to purchase lots without a guarantee that sewer permits would be available and, therefore, she planned to finish the development when the moratorium on sewer permits was lifted. Following discovery, plaintiff moved for summary judgment on her claim for moneys due and also sought the dismissal of defendants' counterclaim. Supreme Court denied the motion and plaintiff appeals.

We reverse. Where, as here, a party asserts a claim alleging that he or she was fraudulently induced to enter into a contract, "the misrepresentations alleged in the pleadings must be more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them" (*Shlang v Bear's Estates Dev.*, 194 AD2d 914, 915). Significantly, "[t]he mere fact that the expected performance was not realized is insufficient to demonstrate that [the promisor] falsely stated its intentions" (*Laing Logging v International Paper Co.*, 228 AD2d 843, 845; *see, Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778).

Here, defendants' contention that plaintiff made representations to them about installing the road, completing the development and providing snow removal, maintenance and emergency services in the future were promissory in nature and thus insufficient to establish a claim of fraudulent misrepresentation (*see, Shlang v Bear's Estates Dev., supra*, at 915; *see*

---

* Defendants also defaulted on their first mortgage with the bank. The property was later sold at a foreclosure sale initiated by the bank.

*also, Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222). Nevertheless, Supreme Court found a question of fact as a result of defendants' submission of an affidavit from the Village of Lansing's Code Enforcement Officer indicating that, at the time the affidavit was drafted, some 20 sewer connection permits were available and plaintiff did not apply for any of them. Supreme Court indicated that this proof raised an inference that plaintiff's representations as to finishing the development were "knowingly false when made". However, plaintiff specifically testified that she *never* applied for sewer permits and that this was always done by the builders who purchased the lots. Significantly, there is no testimony to the contrary in the record. Further, although defendants allege that a special accommodation was offered to plaintiff whereby sewer permits would be reserved for the use of her development, an affidavit from the Village's mayor states, consistent with plaintiff's testimony, that although such a plan was considered, it was rejected for fear of being challenged as discriminatory.

Accordingly, we find that defendants have failed to set forth competent proof raising an arguable question of fact with respect to their fraudulent misrepresentation claim. Since defendants offer no other defense to the claims in the complaint, we conclude that plaintiff's motion seeking judgment and the dismissal of the counterclaim must be granted. Consequently, we remit the matter to Supreme Court for a determination of plaintiff's damages.

Mikoll, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff, counterclaim dismissed and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.