Joseph J. JACOBS, Trustee of the Jacobs Family Trust of 10/13/80, Dennis P.A. Tobin, Dixon Frick Burden, Plaintiffs–Appellees,

v.

PATENT ENFORCEMENT FUND, INC, a Delaware Corp, Robert L. Hill, Fred Singer, Valutron, NV, a Netherlands Antilles Business Corp., Bonnybrook Charitable Trust, Joanne Labella, Defendants,

David L. Hill, Harbor Research Corp., Defendants–Appellants.

No. 99–9237.

United States Court of Appeals, Second Circuit.

Argued: Sept. 5, 2000

Decided: Sept. 27, 2000

Jay W. Eisenhofer, Grant and Eisenhofer, P.A., Wilmington, DE, for defendants-appellants.

Beverly S. Knapp, Shrader and Knapp, Westport, CT, and Steven M. Feder, Smith McCullough PC, Denver, CO, for plaintiffs-appellees.

Before: CALABRESI, and SOTOMAYOR, Circuit Judges, and TRAGER, District Judge.[1]

CALABRESI, Circuit Judge:

### I.

This appeal involves a shareholder derivative action brought by (among other plaintiffs) Carl Johnston, Dixon Burden, and Dennis Tobin ("plaintiffs"), in their capacities as shareholders of Patent Enforcement Fund, Inc. ("PEF"), to recover damages from Harbor Research Corporation ("HRC"). Plaintiffs alleged that through a series of fraudulent business transactions (mostly fraudulent loans) among PEF, HRC, a third business organization called Valutron, and an individual named David Hill ("Hill"),[2] monies rightfully belonging to PEF had been siphoned, through Valutron and HRC, to Hill.

Plaintiffs began this diversity action in the United States District Court for the District of Connecticut on January 14, 1998, and on January 28, HRC was served with a summons and complaint (return of service, indicating service on Hill for HRC, was received by the district court on February 6). HRC failed to file an answer, and on April 13, 1998, the clerk of the court entered a default against HRC. On April 14, Hill moved to intervene as a defendant, and on June 2, 1998 this motion was granted. Meanwhile, plaintiffs had, on May 26, moved for entry of a default judgment against HRC, and supplemented their motion with substantial written submissions. Although Hill (after being permitted to intervene) opposed the motion, the district court (Judge Peter Dorsey) entered a default judgment of $4,039,800.30 against HRC and in favor of plaintiffs on March 31, 1999.

---

1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

2. At all times relevant to this case, Hill was president of both HRC and PEF, and Settlor of an irrevocable trust that owned Valutron.

Hill moved for reconsideration of the default judgment on April 12, 1999, and on September 2, Judge Dorsey simultaneously granted Hill's motion for reconsideration and summarily concluded that "since [Hill] has raised no issues not previously considered by the Court, the prior Ruling is adhered to." Finally, on October 4, a notice of appeal was timely filed by "David L. Hill, Intervenor Defendant and on behalf of Harbor Research Corp." Hill and HRC (together "appellants") contend that the district court committed reversible error both in entering the default judgment without holding a hearing on damages and in denying the motion to vacate the default judgment.

## II.

■ Before we may reach any of the other issues raised by this appeal, we must first deal with an exceedingly nice jurisdictional question. The question arises because on appeal, this court, *nostra sponte*, pointed out to the parties (as we are obligated to do), that plaintiffs had failed adequately to allege diversity in their original complaint. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 929 (2d Cir.1998). Specifically they had alleged only the residence, and not the citizenship (or domicile), of the parties. Most importantly, one of the plaintiffs stated only that he was a resident of London, England, raising the concern that he might be a United States citizen domiciled abroad, and therefore necessarily non-diverse. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68–69 (2d Cir.1990) (holding that a United States citizen domiciled abroad cannot ever be diverse from any opposing party).

Pursuant to this court's authority under 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," we requested supplemental briefing on the question of the existence of jurisdiction. Plaintiffs' response, and the affidavits they have submitted in support of that response, show that the requisites for diversity jurisdiction are in fact present. This does not, however, settle the difficulty raised by plaintiffs' failure originally to plead jurisdiction properly, because it does not determine whether plaintiffs may cure the defect in their pleadings at this late stage without unsettling the judgment reached earlier in the case. We conclude that plaintiffs can indeed do this, but some explanation of why that is so is called for.

The root of the problem is that we must determine whether an adequate pleading of diversity is itself a necessary element of diversity jurisdiction, and therefore a prerequisite for there being diversity jurisdiction in a case at all, or whether it is merely an allegation informing the court that diversity jurisdiction independently exists. If the first of these alternatives were correct—if adequate pleading of diversity were itself a necessary element of diversity jurisdiction—then there would be, at this moment, *no federal jurisdiction in this case.* Accordingly, we would have to decide whether we might allow plaintiffs to cure this defect (not simply in their allegation of jurisdiction but in jurisdiction itself) and thereby create jurisdiction after the fact. The Supreme Court's holding in *Newman–Green, Inc., v. Alfonzo–Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), suggests that the courts of appeals may indeed create jurisdiction *nunc pro tunc* in this way, but it adds that this power "should be exercised sparingly," and only when doing so will not prejudice any of the parties to the litigation. *Id.* at 837–38, 109 S.Ct. 2218. And in the specific context of a default judgment, serious questions of prejudice would inevitably arise, because it might seem unreasonable to require a defendant to appear to defend a case over which the court had no subject matter jurisdiction whatsoever.

■ We decline, however, to adopt this approach. Instead, we hold that while a complaint must present certain quite particular allegations of diversity jurisdiction

in order to be adequate, the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements. This is the only conclusion consistent with the established practice that when a defendant moves, under Fed.R.Civ.P. 12(b)(1), to dismiss a complaint that inadequately pleads diversity jurisdiction (under circumstances in which extrinsic or subsequently adduced evidence shows that diversity exists), then the court "may [either] deny the motion and direct the pleader to amend, or it may dismiss with leave to amend." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 223 (2d ed. 1990) (footnote omitted).

It is also the only conclusion consistent with the actual practice of our court, which has on two recent occasions allowed parties to cure inadequate pleadings of diversity without reference to the prejudice analysis required by *Newman–Green.* See *Universal Reinsurance Co. Ltd. v. St. Paul Fire and Marine Ins. Co.*, 224 F.3d 139, 140–42 (2d Cir.2000); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir.1997).[3] If adequate pleadings of diversity were themselves an essential element of diversity jurisdiction, then the first of these alternatives could not be available to the courts, for they would have no jurisdiction on which to base their orders to amend and could not create jurisdiction *nunc pro tunc* without performing *Newman–Green* prejudice analysis.

Accordingly, we conclude that the defect in plaintiffs' pleadings does not negate jurisdiction and that, since it has been established that the requisite diversity existed at the time of the initial pleadings, defendant HRC was bound to answer the complaint, and the judgment of default that issued on its failure to do so is not void for lack of jurisdiction.[4]

## III.

■ Having found that federal jurisdiction exists in this case, we nevertheless conclude that the current appeal is not properly before us. The only Notice of Appeal in the case was filed and signed on October 4, 1999 solely by Hill, who is identified under the signature line as "Intervenor Defendant and on behalf of Harbor Research Corp." This Notice is not adequate to initiate an appeal by either HRC or Hill.

■ First, it is settled law that a corporation cannot generally appear in federal court except through its lawyer. See *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975); *see also* 28 U.S.C. § 1654. And although an exception to this rule exists in cases in which a corporation fails to assert an available defense to an action against it, *see Price v. Gurney*, 324 U.S. 100, 105, 65 S.Ct. 513, 89 L.Ed. 776 (1945), that exception is itself limited to cases in which the corporation's failure to defend is due to the

---

3. Our opinion in *Universal Reinsurance* is particularly revealing in this regard. When faced with pleadings of diversity that asserted a party's residence only and not his domicile or citizenship, we remanded the case to the district court with instructions first to determine whether facts sufficient to support diversity of citizenship obtained and second, if they did not obtain, to determine whether the non-diverse party could be dropped from the case to create diversity as provided for by *Newman–Green*. *Universal Reinsurance*, 224 F.3d at 141–42. The difference between the two parts of this instruction—the fact that we required *Newman–Green* analysis when the underlying facts were inadequate to support di-

versity but not when only the pleadings were inadequate—implicitly adopted the position we now make explicit, namely that an inadequate pleading of diversity does not in itself constitute an actual defect of federal jurisdiction.

4. We express no opinion about the proper treatment of cases in which not just the pleadings, but also the underlying facts, were inadequate to support the jurisdiction of a court that has entered a default judgment. *Cf. Newman–Green*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893.

negligence, bad faith, collusion, or fraud of the corporation's officers. *See Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 641 (2d Cir.1987). Given Hill's undisputed total control over HRC's corporate affairs, any misconduct involved in HRC's failure to defend itself would be Hill's own fault, which would preclude his availing himself of the exception. Accordingly, HRC cannot appear, *pro se,* through its officer Hill.

■ Second, the District Court should not, on the peculiar facts of this case, have permitted Hill to intervene. The PEF shareholders assert—and because this allegation is uncontested, we must take it as true—that Hill is the president of HRC and its sole officer and director, that Hill conducted all of HRC's corporate affairs, and that Hill controlled the voting power of HRC. These facts make the connection between Hill and HRC so intimate that Hill's intervention, even though formally on his own behalf, is in effect an effort to enable HRC to appear without counsel, undermining the longstanding rule that a corporation may appear in federal court only through its lawyer. In a similar situation, the Ninth Circuit has held that "[t]o allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1654." *United States v. High Country Broadcasting Co.,* 3 F.3d 1244, 1245 (9th Cir.1993). We agree with the Ninth Circuit, and now hold that, on the particular facts of this case, the district court abused its discretion in granting Hill's motion to intervene.[5] *See United States v. City of New York,* 198 F.3d 360, 364 (2d Cir.1999) (decisions regarding intervention are reviewed for abuse of discretion). Because Hill is not a valid intervenor, he cannot

now prosecute an appeal on his own behalf from the decision that the court below rendered following his intervention.

There being no party properly before us, we dismiss the appeal and thereby leave undisturbed the district court's entry of a default judgment against HRC and its denial of Hill's motion to vacate that default judgment.

---

5. Accordingly, we need not decide whether the close connection between Hill's interests and HRC's would require us to reach this conclusion even if HRC had appeared through its corporate counsel, on the ground that Hill has failed to show that his interest in the litigation "is not adequately protected by

the parties to the action." *Catanzano v. Wing,* 103 F.3d 223, 232 (2d Cir.1996); *see also* Fed.R.Civ.P. 24(a)(2) (an applicant may intervene as of right if certain conditions are met "unless the applicant's interest is adequately represented by existing parties").