08-3988-cv(L), 09-4309-cv(XAP)
Trans Union LLC v. Lindor

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand ten.

PRESENT:   REENA RAGGI,
               DEBRA ANN LIVINGSTON,
                      *Circuit Judges*,
               JED S. RAKOFF,*
                      *District Judge*.

-------------------------------------------------------------------------

TRANS UNION LLC,

          *Defendant-Appellant-Cross-Appellee*,

       v.                                  Nos. 09-3988-cv(L),
                                           09-4309-cv(XAP)

RACHEL LINDOR,

          *Plaintiff-Appellee-Cross-Appellant*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     TIMOTHY P. CREECH (Mark E. Kogan, *on the brief*), Kogan, Trichon & Wertheimer, P.C., Philadelphia, Pennsylvania.

APPEARING FOR APPELLEE:     KEVIN C. MALLON (James B. Fishman, *on the*

---

\* District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

*brief*), Fishman & Mallon, LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 18, 2009, is AFFIRMED.

This appeal arises from the district court's dismissal of plaintiff Rachel Lindor's Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., claims as barred by the statute of limitations. Defendant Trans Union LLC appeals the district court's decision declining to retain supplemental jurisdiction over Lindor's related state law claims. Lindor cross-appeals, arguing that dismissal of the FCRA claims was improper. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Statute of Limitations

Lindor challenges the district court's conclusion that – as a matter of law – her FCRA claims are barred by the applicable statute of limitations. She submits that she has raised a triable issue of fact as to the reasonableness of her belief, prior to December 22, 2006, or January 16, 2007, that her identity had been stolen and that the challenged judgment therefore belonged to her. We disagree and affirm for substantially the reasons stated by the

district court in its thorough and well-reasoned decision.  See Lindor v. Trans Union LLC, No. 08 Civ. 5143 (E.D.N.Y. Sept. 16, 2009).

An FCRA action must be brought "not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.  Even assuming, as the district court did, that the phrase "discovery by the plaintiff of the violation" requires actual knowledge of the violation, Lindor has not identified any material difference between the facts she possessed on or before December 4, 2006, and those she possessed on December 22, 2006, and January 16, 2007, the dates she contends the statute of limitations began to run.  By December 4, 2006, Lindor was aware that (1) Trans Union had placed a judgment on her credit report based on a debt she allegedly owed to AT&T Wireless; (2) she had never had an account with AT&T; (3) the spelling of the judgment debtor's first name was different from Lindor's; (4) the judgment debtor's social security number did not match Lindor's; and (5) Trans Union was refusing to remove the judgment from Lindor's credit report because it had allegedly verified that the judgment belonged to her and therefore considered her challenge frivolous.  Although, on December 22, 2006, counsel for the judgment creditor advised Lindor that he thought the challenged judgment was, indeed, against a different person and reiterated this view in a letter dated January 16, 2007, these events provided Lindor with no new factual information.  To the contrary, the representations made by the attorney were opinions informed by the very facts

3

that were already in Lindor's possession.  Lindor cites no authority, and we are aware of none, permitting a party to disclaim actual knowledge of a violation where that party possesses all of the material facts necessary to identify a violation.  Cf. United States v. Kaiser, 609 F.3d 556, 564 (2d Cir. 2010) ("[I]f there was conscious avoidance, that is deliberate failure to learn information, then that is the equivalent of actual knowledge . . . ."); United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003) (observing that conscious avoidance doctrine is implicated where "a defendant asserts the lack of some specific aspect of knowledge required for conviction, and . . . the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact" (internal citation and quotation marks omitted)).  Because that is precisely what occurred here, we agree with the district court that the statute of limitations on Lindor's FCRA claims began to run before December 22, 2006.  Lindor's FCRA claims filed on December 22, 2008, were therefore properly dismissed as untimely.

2.    Equitable Tolling

Equally unavailing is Lindor's contention that her untimely claims are saved by equitable tolling.  "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."  Wallace v. Kato, 549 U.S. 384, 396 (2007).  Accordingly, we apply the doctrine only upon a showing that "extraordinary circumstances prevented a party from timely performing a required act, and that the party

4

acted with reasonable diligence throughout the period [s]he [sought] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (second alteration in original; internal quotation marks omitted). Here, the district court concluded that, even assuming equitable tolling applied to FCRA claims, such relief was not warranted in Lindor's case because "there [were] no facts . . . concerning [her] failure to file that [could] be considered 'special' . . . , let alone 'extraordinary.'" Lindor v. Trans Union LLC, No. 08 Civ. 5143, slip op. at 21 (E.D.N.Y. Sept. 16, 2009). This determination manifests no abuse of discretion. See Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 81 (2d Cir. 2003) (reviewing district court's denial of application for equitable tolling for abuse of discretion). The only justifications Lindor offered for the untimely filing were that she thought (1) that the judgment listed on her credit report resulted from identity theft and not error on Trans Union's part, and (2) that Trans Union would not have listed the judgment if the judgment were not hers. On this record, the district court acted well within its discretion in concluding that "[t]his is an ordinary case of a plaintiff missing the statute of limitations." Lindor v. Trans Union LLC, No. 08 Civ. 5143, slip op. at 21 (E.D.N.Y. Sept. 16, 2009).

   3.    Dismissal of State Law Claims

Trans Union does not dispute that where a district court dismisses a plaintiff's federal claims, it acts well within its discretion in declining to exercise supplemental jurisdiction over any remaining state law claims. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (noting that where federal claims in action premised on federal question jurisdiction

5

"are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well" (internal quotation marks omitted)). Nevertheless, Trans Union argues that dismissal of Lindor's state law claims was improper because the allegations in the complaint and a stipulation in the parties' joint pretrial order established non-discretionary diversity jurisdiction over the claims. We are not persuaded.

Subject matter jurisdiction ordinarily must be established at the time an action is commenced. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 574-75 (2004). In Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56 (2d Cir. 2009), however, we held that because the existence of diversity jurisdiction does not depend on a complaint's compliance with the procedural requirements set forth in Fed. R. Civ. P. 8(a)(1), "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may . . . allow a complaint to be amended to assert those necessary facts," id. at 64 (ellipsis in original; internal quotation marks omitted); accord Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 329 (2d Cir. 2001); see also Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 (2d Cir. 2000) ("[W]e conclude that the defect in plaintiffs' pleadings does not negate jurisdiction and that, since it has been established that the requisite diversity existed at the time of the initial pleadings, defendant HRC was bound to answer the complaint, and the judgment of default that issued on its failure to do so is not void for lack of jurisdiction."). Unlike the plaintiff in Durant, see 565 F.3d at 61, Lindor – whose complaint did not purport

6

to allege diversity jurisdiction – never moved pursuant to 28 U.S.C. § 1653 to amend her complaint to make the allegations required to support such jurisdiction.[1] Nor did the district court find that facts established during the course of the proceedings demonstrated that diversity jurisdiction existed all along such that Lindor could be directed to amend the complaint. See Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d at 568.

While Trans Union contends that the parties are bound by a stipulation in their joint pretrial order stating that the district court would retain diversity jurisdiction over the case if the federal claims were dismissed, Trans Union failed to advise the court of that stipulation – much less that it wanted the stipulation enforced – while the motion for summary judgment was pending. During argument on the motion for summary judgment, the district court noted that it was unlikely to retain supplemental jurisdiction over Lindor's state claims if her federal claims were dismissed. Trans Union's only objection, however, was that the state claims would eventually be returned to federal court on account of Trans Union's right of removal. It was not until Trans Union moved to alter or amend the September 18, 2009 judgment, see Fed. R. Civ. P. 59(e), that it sought to enforce the joint pretrial stipulation. We discern no abuse of discretion in the district court's rejection of this belated argument. Nor

---

[1] Although Lindor's complaint alleges that she is "an adult resident of the State and City of New York," and that "Trans Union is a Delaware corporation, . . . qualified to do business in the State of New York," the complaint does not contain any allegations regarding Trans Union's principal place of business. For this reason, the factual allegations in the complaint are insufficient to support diversity jurisdiction. See 28 U.S.C. § 1332(c) (noting that for purposes of diversity jurisdiction, corporation is deemed to be citizen of both its state of incorporation and state of its principal place of business).

do we identify manifest injustice in the possibility that Trans Union may be sued in a state forum under circumstances where complete diversity is lacking and where it therefore has no right of removal. Cf. Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("[I]n the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, in invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.").

Accordingly, we reject as without merit Trans Union's challenge to the district court's decision not to retain supplemental jurisdiction over Lindor's state law claims.

4.    Conclusion

For the foregoing reasons, the September 18, 2009 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court