11-4020-cv
*Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:

> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,
> JOHN GLEESON,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TAIZHOU ZHONGNENG IMPORT AND EXPORT CO., LTD,

> *Plaintiff-Appellee*,

v.                                   No. 11-4020-cv

VASILIOS KOUTSOBINAS,

> *Defendant-Appellant*,

EUROSPEED, INC., EURO GROUP OF COMPANIES, INC.,

> *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable John Gleeson, United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:                          Stephen R. Bellis, The Pellegrino Law Firm, New
                                        Haven, CT

FOR APPELLEE:                           Evelyn R. Storch, Harwood Lloyd, LLC,
                                        Hackensack, NJ


     Appeal from a judgment of the United States District Court for the Southern District of
New York (Cathy Seibel, *Judge*).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the District Court is **REVERSED** and the case is
**REMANDED**.

     Defendant-Appellant Vasilios Koutsobinas ("Koutsobinas") appeals from an order of the
district court denying his motion under Federal Rule of Civil Procedure 60(b) to vacate a default
judgment issued against him. Plaintiff Taizhou Zhongneng Import & Export Co. ("Taizhou")
sued Eurospeed; Eurospeed's parent company Euro Group; and Koutsobinas, chairman and CEO
of Euro Group and CEO of Eurospeed, over the defendants' alleged failure to pay Taizhou the
full balance due on an order of motor scooters. Defendants failed to answer the complaint and a
default judgment was issued against them on October 4, 2010. On August 1, 2011, defendants
moved to vacate the default judgment under Federal Rule of Civil Procedure 60(b). The district
court denied the motion and Koutsobinas appeals.[1] We assume the parties' familiarity with the
facts and record of prior proceedings, which we reference only as necessary to explain our
decision.

     We review a district court's denial of a Rule 60(b) motion to vacate a default judgment
for abuse of discretion. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). A district court
abuses its discretion when its error rests on an error of law or a clearly erroneous factual finding,
or its decision, though not the product of legal error or a clearly erroneous factual finding, cannot
be located within the bounds of permissible decisions. *United States v. Figueroa*, 548 F.3d 222,
226 (2d Cir. 2008).

     We have identified three factors relevant to deciding a motion to vacate a default
judgment pursuant to Rule 60(b): "(1) whether the default was willful, (2) whether the defendant
demonstrates the existence of a meritorious defense, and (3) whether, and to what extent,
vacating the default will cause the nondefaulting party prejudice." *State Street Bank & Trust Co.
v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004). Although a motion to
set aside a default judgment is "addressed to the sound discretion of the district court . . . we have

---

[1] Euro Group was listed as an appellant on the notice of appeal. Taizhou moved to dismiss Euro Group on the
ground that the notice of appeal had been filed by Koutsobinas, a non-lawyer. *See Jacobs v. Patent Enforcement
Fund, Inc.*, 230 F.3d 565, 568-69 (2d Cir. 2000) (where a non-attorney files a notice of appeal on behalf of a
corporation, the notice of appeal "[is] not adequate to initiate an appeal by the [corporation]," and the corporation is
not a "party properly before [the Court]"). A motions panel granted this motion on May 31, 2012. ECF no. 91. Thus
the only appellant before us is Koutsobinas.

2

expressed a strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (internal citations and quotation marks omitted). As a result, in ruling on a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Id.*

Apart from this inquiry under Rule 60(b), before a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendant's liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). This is because "[i]t is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation and quotation marks omitted). A default, then, only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.

Here, Taizhou's primary allegation was that the defendants breached a contract to purchase motor scooters by failing to deliver the purchase price. However, the contract at issue was between Taizhou and Eurospeed; neither Euro Group nor Koutsobinas was a party to the contract. Thus Koutsobinas was only liable on the contract, and a default judgment could only be issued against him, if Taizhou stated a well-pleaded veil-piercing claim against Eurospeed so as to reach him. Under New York law,[2] a plaintiff must plead and prove two elements to establish veil-piercing liability: "(1) that the parent exercised such complete domination 'in respect to the transaction attacked' that the subsidiary had 'at the time' no separate will of its own, and (2) that this domination was used 'to commit fraud or wrong' against the plaintiff, which proximately caused the plaintiff's injury." *Zinaman v. USTS N.Y., Inc.*, 798 F. Supp. 128, 132 (S.D.N.Y. 1992) (quoting *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988). Conclusory allegations on one or both of these points are insufficient; a complaint must plead "specific facts or circumstances" supporting them. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996).

The allegations in Taizhou's complaint are plainly inadequate to establish Koutsobinas's liability for Eurospeed's contract. It asserts that there is a "unity of interest and common ownership" between the companies and Koutsobinas; that "at all relevant times the business affairs of the Defendants were so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion"; and that "at all relevant times each of the Defendants used the others as mere shells and conduits for the conduct of their affairs." **[JA12-13]**. These are plainly legal conclusions, with no specific factual allegations that at the time Eurospeed entered into the contract with Taizhou, it was so dominated by Koutsobinas that it has no separate identity. Further, the complaint provides not even a conclusory allegation that

---

[2] Because this appeal comes from the Southern District of New York, we must apply New York's choice of law rules to determine which law to apply. *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). New York's choice of law rules provide that "the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders." *Fletcher v. Atex*, 68 F.3d 1451, 1456 (2d Cir. 1995) (alteration omitted). Eurospeed is a New York corporation, and therefore New York law decides whether its corporate form can be disregarded.

this corporate domination was used to commit fraud or wrong that proximately caused harm to Taizhou. Thus Taizhou's complaint fails to present well-pleaded allegations against Koutsobinas regarding the breach of contract.[3]

Taizhou attempts to avoid this deficiency by pointing out that its complaint also contains allegations of negligent and fraudulent misrepresentation and for fraud. Under New York law, "a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable." *Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2d Cir. 2001) (citation and quotation marks omitted). This argument is unavailing, however, because a cause of action for negligent or fraudulent misrepresentation cannot arise "out of the same facts that serve as the basis for [a plaintiff's] causes of action for breach of contract." *Losascio v. James V. Aquavella, M.D., P.C.*, 185 A.D.2d 689, 690 (N.Y. App. Div. 1992); *see also Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193-94 (N.Y. 1987) ("It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."). Here, Taizhou's fraud allegations are nothing more than a restatement of its breach of contract claim, alleging that the defendants misrepresented that Taizhou would be paid on delivery of the scooters. The only alleged misrepresentations made by Koutsobinas occurred *after* Taizhou had already performed under the contract. Thus even if Taizhou's claims were read as something more than a restated breach of contract claim, they fail to make out a cause of action against Koutsobinas because Taizhou could not have relied on any of Koutsobinas's representations.

Because the well-pleaded allegations in Taizhou's complaint do not state a claim against Koutsobinas, a default judgment should not have been entered against him in the first place. For this reason, the district court's decision to deny his Rule 60(b) motion was outside the bounds of permissible decisions.[4]

The judgment of the District Court is REVERSED and the case is REMANDED for proceedings not inconsistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] This same analysis would apply to Euro Group's liability on the contract, but because it is not a party before us, we lack jurisdiction to vacate the default judgment regarding it.

[4] Because Taizhou failed to state a claim against Koutsobinas, Koutsobinas also had a meritorious defense against Taizhou's claims. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004). Thus under the three-factor test for Rule 60(b) motions to vacate a default judgment, the judgment against Koutsobinas should have been vacated.

4