21-892-cv
Lue v. JPMorgan Chase & Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-two.

PRESENT:
>BARRINGTON D. PARKER,
>MICHAEL H. PARK,
>BETH ROBINSON,
>>*Circuit Judges.*

---

CANDICE LUE, an individual,

>*Plaintiff-Appellant*,

>v. 21-892

JPMORGAN CHASE & CO., a Delaware Corporation, ALEX KHAVIN, an individual, FIDELIA SHILLINGFORD, an individual, KIMBERLY DAUBER, an individual, BARUCH HOROWITZ, an individual, CHRIS LIASIS, an individual, MICHELLE SULLIVAN, an individual,

>*Defendants-Appellees.**

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:                        Candice Lue, pro se, Great
                                                Meadows, NJ.

FOR DEFENDANTS-APPELLEES:                        Robert S. Whitman, Seyfarth
                                                Shaw LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** pursuant to the procedures outlined in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994).

Appellant Candice Lue, proceeding pro se, sued her former employer, JPMorgan Chase & Co. ("JPMorgan"), and six of its employees or former employees for defamation and "false and fraudulent acts and conduct." Supp. App'x at 17. The district court granted Defendants' motion to dismiss with prejudice for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first consider whether we have subject matter jurisdiction because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2d Cir. 2010). We conclude that Lue has failed to plead diversity of citizenship.

Lue's complaint asserted federal diversity jurisdiction under 28 U.S.C. § 1332, which requires that the case be between "Citizens of different States." *Id.* § 1332(a)(1). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," and residence or place of employment alone are "insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir.

2

2019) (citation omitted). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (citing Fed. R. Civ. P. 8(a)(1)); *see also Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties").

Here, Lue failed to allege the state of her own citizenship or domicile or that of the individual Defendants. Although she sufficiently alleges JPMorgan's citizenship, she alleged only that she "reside[s] and work[s] in the state of New Jersey," and that the individual Defendants were employees or former employees of JPMorgan "located . . . in the County of New York." Supp. App'x at 2–3. These allegations are insufficient to establish individual citizenship for diversity purposes. Likewise, in response to the district court's initial pretrial conference order, Lue stated that the court had subject matter jurisdiction because "the Plaintiff and the Defendants who are individuals live and/or work in different states." S.D.N.Y. dkt. no. 1:19-cv-9784, doc. 23 at 1. Such conclusory allegations are insufficient, and Lue thus failed to establish diversity of citizenship.

Accordingly, we remand the case pursuant to the procedures adopted in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), with instructions to determine whether there is complete diversity of citizenship between Lue and Defendants. If the district court determines that it lacks diversity jurisdiction, it must dismiss the case without prejudice. If it determines that there is diversity jurisdiction, either party may reinstate this appeal by submitting a letter to this Court so

3

requesting no later than 10 days after the district court's determination. The Clerk shall direct any such appeal to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court