**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 14-36023 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-00856-RSM |
| v. | MEMORANDUM[*] |
| MARK F. SPANGLER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Mark F. Spangler appeals pro se from the district court's default judgment in the government's civil enforcement action alleging violations of the Investment Advisors Act of 1940 and the Securities and Exchange Act of 1934. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016), and we affirm.

The district court did not abuse its discretion in granting the government's motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors for determining whether to enter default judgment).  The district court did not err in considering the impact of Spangler's criminal conviction on its evaluation of the default judgment factors.  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("[A] final judgment retains its collateral estoppel effect, if any, while pending appeal.").

We do not consider arguments that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**