NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKI-ALEXANDER SHETTY, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> WELLS FARGO BANK, NA, as Trustee under Pooling and Servicing Agreement dated 9/1/2006 Securitized Asset Backed Receivables LLC Trust 2006-HE2 Mortgage Pass- Through Certificates, Series 2006-HE2, an entity of unknown form; et al., <br><br>         Defendants-Appellees. | No. 16-56207 <br><br> D.C. No. 2:16-cv-01514-AB-MRW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

    Niki-Alexander Shetty, aka Satish Shetty, appeals pro se from the district

court's judgment dismissing his action alleging federal and state law claims

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relating to a foreclosure and a third-party borrower's refinance loans. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on res judicata. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Shetty's action as barred by the doctrine of res judicata because Shetty's claims were raised, or could have been raised, in prior actions between the parties or their privies, and those prior actions resulted in final judgments on the merits. *See id.* (setting forth elements of res judicata and noting that the doctrine of res judicata bars subsequent litigation both of claims that were raised and those that could have been raised in a prior action); *see also Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by taking judicial notice of federal and state court proceedings. *See* Fed. R. Evid. 201(b)(2); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that a court "may take notice of proceedings in

other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

The district court did not abuse its discretion by denying Shetty's motion for default judgment against GF Mortgage, Inc. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (setting forth standard of review and factors relevant to entering a default judgment).

We reject as unsupported by the record Shetty's contention that the district court did not rule on his motion to strike, and reject as meritless his contention that the appearance of appellees' counsel was not authorized.

Appellees' request for judicial notice (Docket Entry No. 13) is granted in part. With respect to Exhibit 2, we take judicial notice of only the fact that the document was filed in the Southern District of New York in *Hernandez v. Wells Fargo Bank, N.A., et al.*, No. 1:14-cv -07701-VEC (S.D.N.Y. Dec. 19, 2014). Appellees' request for judicial notice is otherwise granted.

**AFFIRMED.**

16-56207