**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NEWGEN, LLC, a Wisconsin limited liability company,
*Plaintiff-Appellee*,

v.

SAFE CIG, LLC, a California limited liability company,
*Defendant-Appellant.*

Nos. 13-56157
14-57015

D.C. No.
2:12-cv-09112-RGK-JCG

---

NEWGEN, LLC, a Wisconsin limited liability company,
*Plaintiff-Appellant*,

v.

SAFE CIG, LLC, a California limited liability company,
*Defendant-Appellee.*

No. 13-56225

D.C. No.
2:12-cv-09112-RGK-JCG

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 11, 2016
Pasadena, California

Filed September 7, 2016
Amended October 21, 2016

Before:  M. Margaret McKeown and Sandra S. Ikuta,
Circuit Judges, and Robert W. Pratt,[*] District Judge.

Opinion by Judge McKeown

## SUMMARY[**]

### Diversity Jurisdiction

The panel affirmed the district court's grant of an almost $1.5 million default judgment against Safe Cig, LLC and in favor of NewGen, LLC after accepting NewGen's amended allegations of diversity citizenship as true, and rejected NewGen's cross-appeal for additional damages.

The panel held that the district court properly permitted NewGen to amend its complaint under 28 U.S.C. § 1653 to cure the defective allegations of diversity jurisdiction. The panel further held that nothing in the text of § 1653 suggested that it applied only to judgments on the merits, and not to

---

[*] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

default judgments. The panel concluded that the district court acted within its statutory authority to give NewGen the opportunity to correct its allegations, and the amended complaint remedied the deficiencies of the original complaint, by alleging the parties were of diverse citizenship.

The panel held that the district court had subject matter jurisdiction. The panel reasoned that both Safe Cig's initial appeal and its Fed. R. Civ. P. 60(b) motion were facial and not factual attacks on the district court's subject matter jurisdiction, and that Safe Cig never called into question the factual predicates to establish diversity jurisdiction.

Addressing the district court's denial of relief from default judgment, the panel held that the district court did not err in weighing the factors of *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and did not abuse its discretion in entering default judgment.

Finally, the panel upheld the district court's award of $1,483.075.84, and rejected NewGen's cross-appeal for additional damages.

---

## COUNSEL

Ricardo P. Cestero (argued) and Daniel G. Stone, Greenberg Glusker Fields Claman & Machtinger LLP, Los Angeles, California, for Appellant/Cross-Appellee.

Harry E. Van Camp (argued) and Deborah C. Meiners, DeWitt Ross & Stevens S.C., Madison, Wisconsin, for Appellee/Cross-Appellant.

## ORDER

The opinion filed on September 7, 2016, and appearing at 2016 WL 4651406, is hereby amended. An amended opinion is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing. Judges McKeown and Ikuta have voted to deny the petition for rehearing en banc. Judge Pratt recommends denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**. No further petitions for en banc or panel rehearing shall be permitted.

---

## OPINION

McKEOWN, Circuit Judge:

This case is a procedural tangle complicated by the parties and their counsel and serves as a reminder that subject matter jurisdiction must exist at the outset of a suit, although it may be achieved through amended pleadings. Safe Cig, LLC challenges an almost $1.5 million default judgment awarded in NewGen, LLC's favor as void for lack of subject matter jurisdiction.

Although we are sympathetic to a party that finds itself facing a large default judgment, here the district court invoked the appropriate rules and statutes. The case presents no procedural irregularities, only procedural complexities. At the time the district court entered default judgment, neither the parties nor the court noticed that NewGen's original complaint failed to adequately allege complete diversity. Safe Cig only raised the diversity challenge in a related appeal to this court and a concurrently filed Federal Rule of Civil Procedure 60(b) motion for relief from the judgment. The district court permitted NewGen to file an amended complaint remedying the defective jurisdictional allegations, but refused to reopen the judgment when Safe Cig protested that it lacked sufficient knowledge to confirm or deny the new allegations regarding the citizenship of the parties. Because Safe Cig never factually attacked NewGen's amended jurisdictional allegations, we accept NewGen's amended allegations of diversity of citizenship as true and conclude the district court had subject matter jurisdiction. We therefore affirm the grant of default judgment and the damages award.

## BACKGROUND

Safe Cig was in the business of making and selling electronic cigarettes when it contracted with NewGen to help with online marketing. As NewGen alleges, the parties set out the terms of the deal in two contracts—an Affiliate Agreement and a Consulting Agreement—under which NewGen agreed to attract online customers to Safe Cig's sales site. According to NewGen, Safe Cig did not live up to its end of the bargain, failing to pay NewGen its lifetime 20% commission on all sales resulting from NewGen's referrals, to grant NewGen access to its sales records to verify those

commissions, to pay NewGen in exchange for not launching a competitor, and to pay NewGen for general marketing and business consultant services. This suit followed.

Three days after NewGen filed its complaint, NewGen properly served Safe Cig's registered agent, despite resistance on the agent's part. The deadline to respond to the complaint came and went without a response; Safe Cig claims that, at the time, it did not think service was effective. On application from NewGen, the district court entered default. The same day, Safe Cig contacted NewGen and offered a deal: it would not contest service in exchange for a 60-day extension to respond to the complaint. NewGen rejected the proposal, and filed for default judgment. Safe Cig objected to default judgment on a number of grounds, but did not challenge the district court's subject matter jurisdiction over the dispute.

The district court entered default judgment, finding that service was effective and holding that it had diversity jurisdiction under 28 U.S.C. § 1332. The court concluded that NewGen was entitled to a default judgment as to its claims of breach of contract and breach of the covenant of good faith and fair dealing, but rejected NewGen's claims of fraud as insufficiently pleaded. The district court awarded NewGen $1,483,075.84 in damages.

Safe Cig launched a two-pronged attack on the default judgment. It appealed to this court, claiming relief from judgment because the entry of default was an abuse of discretion under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). In the appeal, for the first time in the litigation, Safe Cig argued that NewGen failed to plead diversity jurisdiction in its original complaint and failed to prove jurisdiction prior

to entry of the default judgment.  On the same day, Safe Cig filed in the district court a Rule 60(b) motion for relief from the judgment, asking the court to declare the default judgment void for lack of subject matter jurisdiction.

At that stage, NewGen, Safe Cig, and the district court all agreed that NewGen failed to properly plead diversity jurisdiction in the original complaint—with respect to a limited liability company, the citizenship of all of the members must be pled.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The question was how to proceed next.  In response to the Rule 60(b) motion, the district court ordered additional briefing on diversity jurisdiction.  NewGen submitted a declaration with respect to the citizenship of the parties and reasserted that the parties were diverse, while Safe Cig protested that the citizenship of the parties was "uncertain."  Armed with the additional briefing, the district court concluded that while NewGen had not adequately pled subject matter jurisdiction in its original complaint, NewGen could amend the complaint to cure the defective allegations.  The court found the record supported the allegations: it established that "none of the members of Safe Cig were domiciliaries of Wisconsin when the case was filed," and thus, "[b]ecause NewGen and Safe Cig were not citizens of the same state when the case was filed, the Court had jurisdiction over this matter."  The district court also held that because Safe Cig had not denied NewGen's factual allegations of diversity, NewGen had no affirmative obligation to prove diversity with affidavits, although it did submit a declaration; and that NewGen "could have met [Safe Cig's] facial challenge simply by amending the jurisdictional allegations in the Complaint."  The district court thus denied the Rule 60(b) motion on condition that

NewGen amend its complaint to cure the original, "defective" allegations of jurisdiction pursuant to 28 U.S.C. § 1653.

When NewGen filed its amended complaint alleging that the parties were of diverse citizenship and cited to supporting evidence of the citizenship or residence of each member of NewGen and Safe Cig, Safe Cig filed an answer challenging the allegations based on Safe Cig's purported lack of knowledge and information about the citizenship of its members. The district court struck much of Safe Cig's answer as "immaterial [or] impertinent" pursuant to Rule 12(f), noting that it had "made it clear" in the Rule 60(b) order that it "was not reopening the final judgment" and that "the merits of Plaintiff's claims are not open to dispute." Because the district court determined Safe Cig had not actually challenged the veracity of NewGen's factual allegations of citizenship, it likewise determined that the answer did not upset "the Court's previous finding that the judgment in this case was not void for want of subject matter jurisdiction."

There was another jurisdictional wrinkle, however: in May 2014, when the district court denied the motion for relief from judgment, the case was still pending on appeal in this court. It was not until September 2014, after the district court had conducted hearings and issued its orders,[1] that we

---

[1] We reject Safe Cig's argument that the district court erred in taking new evidence and considering the Rule 60(b) motion before the case was remanded from this court. Rule 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). In

remanded to the district court "to consider Safe Cig's Federal Rule of Civil Procedure 60(b) motion." Following remand, the district court reissued its May 2014 order denying the Rule 60(b) motion with leave to amend the jurisdictional allegations. The parties then refiled the amended complaint and answer, and Safe Cig filed its notice of appeal in the current appeal.

## ANALYSIS

## I.  Amending the Complaint Under 28 U.S.C. § 1653

When the default judgment was entered, neither the parties nor the court recognized that NewGen's jurisdictional allegations were defective. Only later did Safe Cig challenge the district court's subject matter jurisdiction in the original appeal and in a Rule 60(b) motion for relief from judgment. Rather than tear up the default judgment, however, the district court denied the motion on the condition that NewGen amend its complaint to cure the defective allegations of diversity jurisdiction—a condition that NewGen met. Safe Cig urges that the proper course of action was to reopen the judgment and permit Safe Cig to respond to the complaint and litigate the case on the merits. We disagree: the district court properly permitted NewGen to amend its complaint under 28 U.S.C. § 1653 without reopening the judgment.[2]

---

considering these options, the district court is free to consider new evidence at its discretion.

[2] We review de novo questions of law and the district court's interpretations of the Federal Rules of Civil Procedure. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012).

NewGen concedes that its original complaint failed to adequately allege diversity jurisdiction. A limited liability company "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business. *Johnson*, 437 F.3d at 899. The original complaint asserts diversity jurisdiction under 28 U.S.C. § 1332, but does not allege the citizenship of NewGen or Safe Cig's members. It only states that NewGen was a Wisconsin limited liability company with its principal place of business in Wisconsin, and that Safe Cig was a California limited liability company with its principal place of business in California.

Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a "total want of jurisdiction" as opposed to an "error in the exercise of jurisdiction." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (internal quotation marks omitted). Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings. The operative statute, 28 U.S.C. § 1653, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." We agree that "[s]ection 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986). The intent of the provision is to avoid the needless expenditure of judicial resources where a court can instead "permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 639 (2d Cir. 2005) (internal quotation marks omitted).

Nothing in the text of § 1653 suggests that it applies only to judgments on the merits, not default judgments, as Safe Cig contends.[3]  While judgments issued after trial admittedly require a steeper investment of judicial and party resources, the same "statutory purpose of avoiding needless sacrifice to defective pleading," *Mathews v. Diaz*, 426 U.S. 67, 75 n.9 (1976), applies to default judgments.  Our general policy that "doubt, if any, should be resolved in favor of the motion to set aside the [default] judgment," *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotation marks omitted), does not justify exempting default judgments from § 1653 without any textual basis.

The Second Circuit adopted a similar view in *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000), where defects in jurisdictional allegations were similarly discovered only after entry of default judgment. The Second Circuit ordered supplemental briefing on diversity, and, relying on the affidavits submitted, satisfied itself that there was diversity jurisdiction.  *Id*.  The court held that "while a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate, the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements."  *Id.* at 567–68. This principle is consistent with a court's authority—upon a motion to dismiss

---

[3] Safe Cig appears to have conceded in the district court that § 1653 is applicable here.  We nonetheless address Safe Cig's argument on appeal that § 1653 does not apply to default judgments.  *See Pickup v. Brown*, 740 F.3d 1208, 1232 n.10 (9th Cir. 2014) ("We have discretion to address an argument that otherwise would be waived when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." (internal quotation marks omitted)).

for lack of jurisdiction—to direct the plaintiff to amend. *Id.* at 568.

The district court thus acted within its statutory authority to give NewGen the opportunity to correct its allegations. The amended complaint remedied the deficiencies of the original complaint, alleging the parties were of diverse citizenship. It alleged that NewGen was an LLC organized in Wisconsin and that its sole member was a citizen of Wisconsin when the complaint was filed. It alleged that Safe Cig was an LLC organized in California with five members, each of which was a citizen of California at the time the complaint was filed.

## II. Pleading Subject Matter Jurisdiction

We next examine de novo whether subject matter jurisdiction existed. *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). However, at the pleading stage, allegations of jurisdictional fact need not be proven unless challenged. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction *when it is challenged* has the burden of establishing it." (emphasis added) (internal citation and quotation marks omitted)); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t [the pleading] stage of the case, the defendants were merely required to allege (not to prove) diversity . . . ."). The determinative question here is whether, and in what sense, Safe Cig

challenged the basis for diversity jurisdiction, and whether it triggered an obligation on the part of NewGen to offer supplemental evidence proving jurisdiction.

Ordinarily, a challenge to the district court's subject matter jurisdiction would be raised in a Rule 12(b)(1) motion. In that context—and we see no reason to depart in the context of a Rule 60(b)(4) motion for relief from a default judgment—the sufficiency of the pleadings to establish subject matter jurisdiction is determined by whether the movant brings a facial or factual challenge. *Cf. Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 771–72 (9th Cir. 1986) (noting that a "Rule 60(b) motion may encompass a claim that the district court acted in excess of its jurisdiction" (internal quotation marks omitted)). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). By contrast, a factual attack "contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. (emphasis added); *accord Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Only upon a factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof. *Leite*, 749 F.3d at 1121. In contrast, a facial attack is easily remedied by leave to amend jurisdictional allegations pursuant to 28 U.S.C. § 1653.

Both Safe Cig's initial appeal and its Rule 60(b) motion can only be characterized as facial attacks. Safe Cig does not argue that NewGen's sole member is not a citizen of Wisconsin, as set out in NewGen's declaration and the amended complaint, claiming only that the evidence in

support of his citizenship is "weak." Nor does Safe Cig assert that any of its members are citizens of Wisconsin or rebut NewGen's evidence that Safe Cig's members reside in California. It is a longstanding principle that "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). But rather than presenting evidence about citizenship, Safe Cig simply reasserted at multiple junctures that it had doubts about the citizenship of its own officers (although it did not even hint they were from Wisconsin), and, as the district court put it, it "carefully avoided taking any position on [its] own citizenship." Safe Cig never called into question any of the factual predicates to diversity jurisdiction, and, notably, never asked for discovery or a delay in proceedings to clarify the issue. *See, e.g.*, *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986) ("If the defendant thinks the court lacks jurisdiction, his proper course is to request an evidentiary hearing on the issue.").

Safe Cig insists that upholding the default judgment where Safe Cig has denied "knowledge or information sufficient to form a belief" as to the citizenship of its members improperly relieves NewGen of the duty to prove subject matter jurisdiction. Safe Cig characterizes its lack of knowledge as raising a jurisdictional challenge that shifts the burden to Safe Cig to prove jurisdiction was wanting.[4] In the

---

[4] The district court never placed the burden on Safe Cig to disprove diversity; rather, because Safe Cig never contested the truth of NewGen's assertions, Safe Cig never triggered any obligation on NewGen's part to support its allegations of diversity with affidavits or other evidence,

context of a Rule 12(b)(1) motion—which is analogous to the Rule 60(b) motion here—the effect of a denial depends on the nature of the denial:

> Once the moving party has converted the [Rule 12(b)(1)] motion to dismiss into a *factual* motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (emphasis added). The district court correctly held that a facial attack in this posture merits only leave to amend the allegations, not wholesale revival of a defaulted defense and an obligation to supplement the record.[5] Hence, Safe Cig's agnosticism is insufficient to avoid jurisdiction.

---

although NewGen did provide a declaration as part of supplemental briefing.

[5] We are at a loss to understand Safe Cig's claim that it was denied a due process right because it could not respond to the amended allegations. The essence of due process is the requirement of notice and an opportunity to respond. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Notice was apparent from the face of the complaint and Safe Cig certainly did not suffer for opportunities to contest diversity jurisdiction. Although Safe Cig took a pass on its first opportunity to raise the issue in the district court, it did so in the first appeal and then raised the issue in its Rule 60(b) motion, and was ordered by the district court to provide additional briefing on the issue.

We observe that this approach is in line with our sister circuits. In *American Combustion*, for instance, the plaintiff filed a motion on appeal to correct defects in the jurisdictional allegations. 797 F.2d at 1044. The D.C. Circuit ordered the parties to brief any dispute concerning the existence of diversity. *Id.* at 1044–45. When the defendant did not respond and conceded diversity at oral argument, the court concluded that because the defendant did not deny plaintiff's "allegations of diversity, triggering the requirement that [plaintiff] affirmatively prove the facts necessary to support a finding of diversity, the amended allegations here support a finding of diversity jurisdiction." *Id.* at 1045. The same principle applies here: Safe Cig never asserted that the parties are not in fact diverse.

Simply put, because the only real challenge to jurisdiction concerned the sufficiency of the pleadings, the amended allegations—which were undoubtedly legally sufficient—resolved the only question ever raised regarding the district court's subject matter jurisdiction.

## III.    Denial of Relief from Default Judgment

Satisfied that the district court had subject matter jurisdiction and that the amended complaint corrected any defect in the pleadings, we turn to review of the district court's decision to deny relief from the default judgment. We review the district court's factual findings for clear error, and review the grant of a default judgment for abuse of discretion. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir. 1988).

"Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided

upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. We then look to the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. In this case, numerous factors weigh in favor of entry of default judgment. The district court's ruling was not "illogical," "implausible," or without "support in inferences that may be drawn from facts in the record," and the district court therefore did not abuse its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564 (1985)).

The district court considered in detail the procedural background of the default and weighed the *Eitel* factors. First and foremost, the default was certainly not due to excusable neglect. Notwithstanding its agent's blatant attempts to resist service, Safe Cig was properly served, yet ignored the deadline to respond to the complaint. Its counsel instead waited until default was entered to contact NewGen's attorneys.[6] Safe Cig gives no "credible, good faith explanation" for its apparent bad faith "intention to take

---

[6] Safe Cig asserts that it was not represented by counsel at the time, but Safe Cig's counsel leaves ambiguous when he started acting for Safe Cig.

advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

Safe Cig also does little to undercut the merits of NewGen's claim. To establish its breach of contract claims, NewGen's complaint sets out the contents of the Affiliate and Consulting agreements in sufficient detail, and Safe Cig's failure to make payments. Safe Cig does not "present specific facts that would constitute a defense" or that would substantially alter the liability at stake. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).[7] Stating only general objections to the existence of a contract, the extent of the relationship between the parties, and the alleged services performed by NewGen is insufficient to satisfy the "meritorious defense" requirement. *Id.*

The district court found that NewGen "sufficiently demonstrated the possibility of prejudice if default is denied." In addition, the court carefully examined the damages issues, stating that "[NewGen] only seeks contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and thus "the amount of money at stake does not bar an entry of default judgment." Ultimately the court reduced the requested damages. None of the factual findings were in

---

[7] The declaration of Safe Cig's Chief Information Officer, albeit conclusory, does provide some additional detail. However, as the district court noted, the declaration and related arguments were untimely because they were not filed in opposition to the first motion for default judgment, and Safe Cig provides no evidence to support its claims.

clear error. While there is room to disagree whether default was warranted, our role is not to second guess the district court's weighing of the *Eitel* factors. We thus conclude that the district court's decision to enter default judgment was not an abuse of discretion.

## IV.    Calculation of the Damages Award

We also uphold the district court's damage award of $1,483,075.84, and deny NewGen's cross-appeal for additional damages. We review the district court's computation of damages for clear error. *Felder v. United States*, 543 F.2d 657, 663 (9th Cir. 1976).

In reaching its damages calculation, the district court relied on a declaration from Dustin Erickson, NewGen's owner. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The district court awarded $783,558.43 in damages for breach of the consulting agreement, a figure reasonably consistent with the $25,000/month in damages claimed in the Complaint and supported by Erickson's estimate of Safe Cig's net total profits each month. The district court also awarded $699,517.41 for unpaid commissions owed under the Affiliate Agreement for February 2010 to December 2012, based on historical data provided by Safe Cig and future projections where Safe Cig refused to grant NewGen access to its sales records.

Erickson's detailed account of how he calculated each figure supports the district court's consideration of the declaration. Nor are we troubled by Safe Cig's claim that the

evidence is unreliable. As the district court noted, Safe Cig's "conduct is highly questionable, because it is in the best position to have the accurate records required to refute [NewGen]'s estimates. Further, any necessity for [NewGen] to rely on estimates is due to [Safe Cig]'s failure to comply with the Affiliate Agreement, which requires [Safe Cig] to provide [NewGen] with its sales records."

We reject NewGen's cross-appeal of the damages award. While NewGen was entitled to lifetime commissions on sales made pursuant to referrals from NewGen, as alleged in its Amended Complaint, the district court did not clearly err in finding that NewGen was only entitled to Safe Cig's sales, not sales by any third-party, and in finding that once Safe Cig's website ceased operating in December 2012, there were no Safe Cig sales. We agree that damages claimed from 2013 to 2018 were "unsubstantiated."

## CONCLUSION

We are satisfied that diversity jurisdiction exists and that the district court did not abuse its discretion in denying the Rule 60(b) motion to vacate the judgment. The amended complaint resolved the defective pleadings, and the district court did not abuse its discretion in upholding the default judgment. We also affirm the award of damages and reject NewGen's cross-appeal.

**AFFIRMED.**