**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WILLIAM R. HANCOCK, individually and as Trustee of Hancock and Company, Inc. Profit Sharing Trust, under trust instrument April 3, 1993, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KULANA PARTNERS, LLC, a Hawaii Limited Liability Company; FIDELITY NATIONAL TITLE AND ESCROW OF HAWAII, INC., a Hawaii corporation; DOES, 1-10, <br><br> Defendants - Appellees. | No. 14-15233 <br><br> D.C. No. 1:13-cv-00198-DKW-RLP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 20, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant William Hancock appeals from the district court's judgment (1) granting Appellee Kulana Partners, LLC's (Kulana) motion to dismiss, (2) granting Appellee Fidelity National Title and Escrow of Hawaii, Inc.'s (Fidelity) motion for judgment on the pleadings, and (3) denying Hancock's motion for summary judgment. We dismiss the appeal for lack of jurisdiction.

In the jurisdictional allegation of his complaint, Hancock alleges that Kulana is "a citizen of the State of Hawaii." As a limited liability company, Kulana is "a citizen of every state of which its []members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Consequently, Hancock was obligated to allege the citizenship of Kulana's members, and his failure to do so renders the allegation of diversity defective. *NewGen, LLC v. Safe Cig, LLC*, — F.3d —, Nos. 13-56157, 14-57015, 13-56225, 2016 WL 6137483, at *2–3 (9th Cir. Sept. 7, 2016). This court therefore cannot exercise jurisdiction on that basis.

Hancock's alternative jurisdictional allegation, that this case is "related to" a bankruptcy case, is also insufficient. Jurisdiction will lie pursuant to 28 U.S.C. § 1334(b) where the outcome of the action "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Feitz v. Great W. Sav.* (*In re Feitz*), 852 F.2d 455, 457 (9th Cir. 1988), *quoting*

*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Hancock's threadbare allegation that a debtor's estate "may have an interest in the subject property" is woefully inadequate to permit us to conclude that jurisdiction exists. Accordingly, we must dismiss the appeal.

On remand, the district court should determine whether diversity exists between the parties, whether this case is "related to" a bankruptcy proceeding under section 1334(b), or whether there is any other basis for federal court jurisdiction. This panel retains jurisdiction to hear any future appeals in this matter.

**APPEAL DISMISSED.**