**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIDLAND INNOVATIONS, NV, | No. 15-16015 |
| Plaintiff-Appellee, | D.C. No. 4:07-mc-80257-CW |
| v. | |
| WEILAND INTERNATIONAL INC.; WEN WANG, | MEMORANDUM[*] |
| Defendants, | |
| HONGDI REN, | |
| Real-party-in-interest, | |
| and | |
| WEIPING CHEN, | |
| Real-party-in-interest-Appellant. | |

| | |
|---|---|
| MIDLAND INNOVATIONS, NV, | Nos. 15-16016 |
| Plaintiff-Appellee, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

v.

WEILAND INTERNATIONAL INC.;
WEN WANG,

        Defendants,

WEIPING CHEN,

        Real-party-in-interest,

 and

HONGDI REN,

        Real-party-in-interest-
        Appellant.

D.C. No. 4:07-mc-80257-CW

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,[**] District Judge.

Weiping Chen (Chen) and Hongdi Ren (Ren) appeal the district court's

orders authorizing the sale of Chen's house and denying Chen's third-party claim

in connection with efforts by Appellee Midland Innovations, NV (Midland) to

---

[**] The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

2

collect on a judgment against Chen's spouse, Wen Wang (Wang), for patent infringement damages. We review *de novo*. *See Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017) (holding that issues of state law are reviewed *de novo*). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court properly determined that the house was subject to the judgment lien under California's title presumption. *See* Cal. Evid. Code § 662 ("The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."); Cal. Civ. Proc. Code § 720.360 ("At a hearing on a third-party claim, the third person has the burden of proof.").

Chen failed to carry her burden of rebutting the title presumption by clear and convincing evidence. *See id.* The district court acted within its discretion in concluding that Chen's proffered evidence was unreliable. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 n.1 (9th Cir. 2016) (holding that "the district court is free to consider new evidence at its discretion").

That Chen and Wang conveyed legal title of the house to Ren in exchange for $300,000 does not rebut the title presumption or eradicate the judgment lien. *See In re Marriage of Broderick*, 209 Cal. App. 3d 489, 496 (1989) (observing that "the presumption cannot be overcome solely by tracing the funds used to purchase

3

the property, nor by testimony of an intention not disclosed to the grantee at the time of the execution of the conveyance."); Cal. Civ. Proc. Code § 697.390.[1]

Because the house was owned by Chen and Wang when the abstract of judgment was recorded, the house remained subject to the lien after the partial transfer of ownership interest to Ren. *See* Civ. Proc. § 697.390 (noting that an interest in real property that is transferred or encumbered remains subject to the lien).[2]

**AFFIRMED.**

---

[1] Section 697.390 provides in pertinent part:

> If an interest in real property that is subject to a judgment lien is transferred or encumbered without satisfying or extinguishing the judgment lien: (a) The interest transferred or encumbered remains subject to a judgment lien created pursuant to Section 697.310 in the same amount as if the interest had not been transferred or encumbered.

*Id.*

[2] We decline to consider issues raised for the first time on appeal. *See United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2017), *as amended* (recognizing "a general rule against entertaining arguments on appeal that were not presented or developed before the district court") (citation and internal quotation marks omitted).