**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br>         Plaintiff-Appellee, <br><br>  v. <br><br> SEALINK INSURANCE SERVICE CORP. and YAN SARA ZHANG, <br><br>         Defendants-Appellants, <br><br>  and <br><br> PHANN GELINDA KEO; et al., <br><br>         Defendants. | No.   17-55776 <br><br> D.C. No. 2:16-cv-04301-R-JC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 11, 2018[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and OWENS, Circuit Judges, and PRESNELL,[***] District Judge.

Defendants Yan Sara Zhang and Sealink Insurance Service Corporation appeal from the district court's denial of their motion to set aside the entry of default and default judgment against them. In evaluating such a motion, "a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and alterations omitted). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* For the following reasons, we hold that the district court did not abuse its discretion in denying defendants' motion.

**1.** We need not reach the issue of defendants' culpable conduct because defendants' lack of a meritorious defense is sufficient to justify the district court's refusal to set aside the default and default judgment. *See United States v. Aguilar*, 782 F.3d 1101, 1105 & n.5, 1109 (9th Cir. 2015). Defendants have no meritorious

---

[***] The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

defense to Zurich American Insurance Company's breach of contract claim. They point to the lack of a written agreement and argue that the "contract at issue does not exist." However, they do not dispute that Sealink sold insurance policies issued by Zurich in exchange for Sealink's remittance of premiums, and there is ample evidence of an agreement governing that arrangement. Defendants offer no facts to dispute the existence of an agreement, and "general objections to the existence of a contract" are "insufficient to satisfy the meritorious defense requirement." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (internal quotation marks omitted).

Defendants also lack a meritorious defense to Zurich's breach of fiduciary duty claim. Defendants do not dispute that Sealink failed to maintain the premiums it owed Zurich in a segregated trust account as required by California Insurance Code sections 1733 and 1734. Defendants' argument that those provisions do not provide Zurich with a cause of action is mistaken. *See Middlesex Insurance Co. v. Mann*, 177 Cal. Rptr. 495, 503 (Ct. App. 1981) ("We conclude that a civil action will lie for damages proximately resulting from a licensee's breach of the fiduciary obligations imposed by [sections 1733 and 1734].").

Finally, defendants fail to assert a meritorious defense to the size of the default judgment award. The district court determined that the declaration of Zurich's legal collection specialist and the billing statement generated by Zurich

constituted "proof sufficient to support [Zurich's] requested damages." Defendants' challenge to the sufficiency and reliability of that evidence does not amount to a meritorious defense. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (a "mere general denial" regarding the extent of the deficiency owed "is not enough to justify vacating a default or default judgment" (internal quotation marks omitted)). Defendants fail to offer specific facts disputing the damages amount despite being "in the best position to have the accurate records required to refute" Zurich's evidence. *NewGen*, 840 F.3d at 617. Defendants' assertion that they lack records substantiating the claimed amount does not amount to an allegation of "sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

**2.** The district court did not err in failing to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) provides for relief when a judgment is void. In contrast to the other grounds for relief under Rule 60(b), a default judgment may be vacated on this ground even if the defendant lacks a meritorious defense. *See Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). Defendants argue that the judgment is void due to inadequate service of process. But Zurich's service of process satisfied the statutory requirements. Zurich's substituted service of the summons and complaint on Zhang was proper under

Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure section 415.20(b).  Zurich's service of the summons and complaint on Sealink complied with Federal Rule of Civil Procedure 4(h)(1)(B).  Finally, Zurich served both Zhang and Sealink with its motion to enter default judgment in accordance with the Central District of California's Local Rule 55-2 and Federal Rule of Civil Procedure 5(b)(2)(C).

**AFFIRMED.**