NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-55901 |
| Plaintiff-Appellee, | D.C. No. 8:17-cv-00954-CJC-JCG |
| v. | |
| SOLOMON JALLOH, AKA Sulaiman Jalloh, AKA Suliman Jalloh, | MEMORANDUM[*] |
| Claimant-Appellant, | |
| v. | |
| 295,726.42 IN ACCOUNT FUNDS SEIZED FROM INTERACTIVE BROKERS ACCOUNT NO. 6871, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 4, 2020[**]

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Solomon Jalloh appeals pro se from the district court's default judgment and order striking his claim in the government's civil forfeiture action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (entry of default judgment); *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (ruling on motion to strike). We affirm.

The district court did not abuse its discretion in striking Jalloh's claim because its determination that Jalloh's supplemental response to the government's special interrogatory was incomplete and evasive was supported by the record, the court gave Jalloh the opportunity to cure his response, and the court determined that giving him an additional opportunity to cure would be futile. *See* Fed. R. Civ. P. Supp. G(6)(a) ("The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property . . . ."); Fed. R. Civ. P. Supp. G(8)(c)(i)(A) (providing that "the government may move to strike a claim . . . for failing to comply with Rule [G(6)]"); *United States v. Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 973 (9th Cir. 2015) ("[C]ourts typically afford claimants one or even several opportunities to cure defective Rule G(6) responses, except where the circumstances indicate that it would be futile to do so or reflect persistent discovery abuses.").

The district court did not abuse its discretion in entering default judgment

against Jalloh because the merits of the plaintiff's substantive claims and the possibility of prejudice to the plaintiff weighed in favor of entering default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider in determining whether to grant the entry of default judgment).

We reject as meritless Jalloh's contentions that the district court violated his constitutional rights.

**AFFIRMED.**