NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRIE HOLSCHER, | No. 20-35049 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00050-BMM |
| v. | |
| KEN HESS, in his individual capacity as co-landlord & owner d/b/a Glacier Mountain Rentals; LORI HESS, in her individual capacity as co-landlord & owner d/b/a Glacier Mountain Rentals, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Terrie Holscher appeals pro se from the district court's judgment dismissing

her action alleging claims arising out of a lease agreement dispute. We have

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017). We affirm.

The district court properly dismissed Holscher's action for lack of subject matter jurisdiction because Holscher failed to allege a federal question or meet the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1331 (conferring jurisdiction on district courts in "civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) (conferring jurisdiction on district courts where the plaintiff alleges that the parties are completely diverse and the amount in controversy exceeds $75,000); *see also Shapiro v. McManus,* 577 U.S. 39, 45 (2015) (claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes"); *Wilcox v. First Interstate Bank of Or., N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (there is no separate private right of action for mail fraud under 18 U.S.C. § 1341).

However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We instruct the district court to amend the judgment to reflect that the dismissal is without prejudice.

The district court did not err in declining to address Holscher's motion to

amend her complaint because Holscher presented contradictory allegations to the district court regarding her state citizenship. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.").

We reject as unsupported by the record Holscher's contentions that the district court was biased against her and that she was denied due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED with instructions to amend the judgment.**