NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN EVANS,

Plaintiff-Appellant,

v.

FIDELITY BROKERAGE SERVICES
LLC; et al.,

Defendants-Appellees.

No. 20-15846

D.C. No. 1:20-cv-00111-JAO-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Brian Evans appeals pro se from the district court's judgment dismissing his

action alleging state law claims arising out of a dispute with his brokerage. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack

of subject matter jurisdiction. *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1102 (9th

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2017). We affirm.

The district court properly dismissed Evans's action for lack of subject matter jurisdiction because Evans failed to meet the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (conferring jurisdiction on district courts where the plaintiff alleges that the parties are completely diverse and the amount in controversy exceeds $75,000); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (for purposes of diversity jurisdiction, "with respect to a limited liability company, the citizenship of all of the members must be pled"; "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction").

The district court did not abuse its discretion in denying Evans's request for jurisdictional discovery because Evans failed to demonstrate that the requested discovery was "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (setting forth standard of review).

We reject as unsupported by the record Evans's contentions that the district court was biased against him as a pro se litigant.

**AFFIRMED.**