NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LECIA L. SHORTER,

           Plaintiff-Appellant,

  v.

LEROY D. BACA; et al.,

           Defendants-Appellees.

No.   19-56182
        20-55126

D.C. No.
2:12-cv-07337-DOC-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 20, 2021
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and Y. ROGERS,[**] District
Judge.

Following her pre-trial incarceration at the Century Regional Detention

Facility ("CRDF"), an all-women's jail, Lecia Shorter sued CRDF under 42 U.S.C.

§ 1983 for alleged violations of her constitutional rights. Shorter lost her first trial.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

On appeal, we reversed the denial of Shorter's motion for a new trial and vacated the partial grant of summary judgment against Shorter. *See Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018).

Upon remand, a jury again found against Shorter. Shorter filed a Renewed Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial ("JMOL Motion"). The district court granted the JMOL Motion as to the lack of recreation claim, but denied it as to all other claims. Shorter timely appealed the partial denial of this motion. Also, Shorter separately appealed the denial of her Rule 60(b) motion, which she filed *after* filing her appeal of the JMOL Motion ruling, and she requested Rule 11 sanctions against CRDF's counsel. Having jurisdiction under 28 U.S.C. § 1291, we affirm in part and reverse in part the ruling on Shorter's JMOL Motion, affirm the denial of Shorter's Rule 60(b) motion, and deny Shorter's request for Rule 11 sanctions.

1. We reverse under de novo review the denial of Shorter's JMOL Motion on her excessive search claim, *see Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), and hold that she is entitled to judgment as a matter of law on this claim. Construing the evidence "in the light most favorable to the nonmoving party," *id.*, we conclude that CRDF failed to provide any penological justification for leaving inmates unclothed and chained for any period of time after their clothes had already been searched, thus violating the Fourth and

2

Fourteenth Amendments. *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (explaining jail's search procedure violates Fourth Amendment if it is "unrelated to any legitimate penological interest"); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (explaining jail's search procedure violates Fourteenth Amendment if it is "unrelated to a legitimate governmental objective") (cleaned up). In addition, "the jail had an alternative, less abusive means of obtaining contraband from inmates," further undermining CRDF's decision to leave inmates chained to the door without their clothing after their clothes had been searched during an interrupted body cavity search. *See Shorter*, 895 F.3d at 1188–89. Thus, there was not "sufficient evidence to support the jury's conclusion" that the procedure was justified. *Castro*, 833 F.3d at 1066.

2. The district court also erred in denying Shorter's JMOL Motion as to her inadequate sanitation claim. *See id.* She is entitled to judgment as a matter of law on this claim. Because jail officials under the Fourteenth Amendment "have a duty to ensure that detainees are provided adequate . . . sanitation," *Shorter*, 895 F.3d at 1185, we have "never condoned the wholesale, routine deprivation of . . . showers," *id.* at 1186. Yet there is no evidence in this case from which the jury could conclude that Shorter received more than three showers during her 32-day confinement. The CRDF's prison logs documented that she received only three showers, and the jury heard evidence of multiple complaints about inmates not

3

receiving showers. Although CRDF introduced evidence of a policy to offer showers every other day, there is no evidence that CRDF followed the policy. "JMOL [was] appropriate," then, on the inadequate sanitation claim because "the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 803 (9th Cir. 2009).

3. We affirm the denial of Shorter's JMOL Motion as to her deprivation of meals claim. Although the Fourteenth Amendment protects a pretrial detainee's "right against jail conditions or restrictions that amount to punishment," *Pierce v. Cnty. Of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (cleaned up), sufficient evidence supports the jury's conclusion that Shorter was not denied meals, *see Castro*, 833 F.3d at 1066. CRDF officers testified that they did not deny Shorter meals, and that, as a policy, meals were denied only temporarily due to court appearances or legitimate safety concerns. And even when Shorter was attending court, she was provided a burrito for a meal.

4. We also affirm the denial of Shorter's JMOL Motion on her inadequate medical care claim. Inadequate medical care claims brought by pretrial detainees under the Fourteenth Amendment are subject to an objective deliberate indifference standard. *Gordon v. Cnty of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (elements of deliberate indifference). At trial, the jury heard evidence that it was reasonable to suspend Shorter's blood thinners due to her high INR

4

levels, and that Shorter was taken to a lab for follow-up blood tests after her blood thinners were discontinued, but the jury heard no evidence that suspending Shorter's medication caused her injury or put her at substantial risk of serious harm, *see id.* (requiring demonstration of injury and substantial risk of serious harm for inadequate medical care claims).

5.     The district court correctly denied Shorter's JMOL Motion as to her improper classification claim.  Because Shorter was placed in the High Observation Housing Unit ("HOH"), she possessed a right as a pretrial detainee "to procedural due process before [being] subjected to more severe conditions of confinement than other detainees."  *See Shorter*, 895 F.3d at 1190.  However, CRDF presented "sufficient evidence" that Shorter was properly classified, grievance procedures were in place, and Shorter was given the opportunity to dispute her placement in HOH.  *See Castro*, 833 F.3d at 1066.

6.     The district court did not abuse its discretion in denying Shorter's motion for a new trial.  *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam).  Shorter's claims of misconduct by counsel and erroneous evidentiary rulings were "made in passing and not supported by citations to the record or to case authority," so they have been waived.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).  On the claims in which we reverse the denial of the JMOL Motion, Shorter is entitled to judgment.  On those we affirm, she has not

5

demonstrated she is entitled to a new trial. *See Kode*, 596 F.3d at 612.

7. Nor did the district court abuse its discretion by denying Shorter's Rule 60(b) motion due to lack of jurisdiction. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). Shorter filed the Rule 60(b) motion almost two months after filing this appeal and sought to void the very orders over which we have jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal.").

8. Finally, we deny Shorter's motion for Rule 11 sanctions. We disagree with Shorter's contentions both that CRDF's briefing was "presented for any improper purpose," and that the briefing contained arguments not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2); *see also United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). As such, Shorter's motion for sanctions is denied.

In conclusion, the district court's denial of Shorter's JMOL Motion is **REVERSED** in part and **AFFIRMED** in part, the denial of Shorter's Rule 60(b) motion is **AFFIRMED**, and Shorter's request for Rule 11 sanctions is **DENIED**. This case is **REMANDED** to the district court for adjudication of the amount of damages to which Shorter is entitled on her lack of recreation, excessive search,

6

and inadequate sanitation claims.  Each side shall bear its own costs of appeal.