NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

H&H PHARMACEUTICALS, LLC,

        Plaintiff-Appellant,

  v.

CHATTEM CHEMICALS, INC.; SUN
PHARMACEUTICALS INDUSTRIES,
INC.,

        Defendants-Appellees.

No.   23-15055

D.C. No.
2:16-cv-02148-GMN-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted March 8, 2024
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

H&H Pharmaceuticals, LLC (H&H) appeals from the district court's final

judgment in favor of Chattem Chemicals, Inc. (Chattem) and its parent entity, Sun

Pharmaceuticals, Inc. (Sun).  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's decision to dismiss for failure to state a claim.

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 927 (9th Cir. 2002). We review de novo the district court's decision to grant summary judgment. *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). Because the parties are familiar with the facts, we do not recount them except as necessary to provide context. We affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this memorandum.

1.      It is well-established that the citizenship of a limited liability company, such as H&H, is determined by the citizenship of its members, not by "the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016), *as amended*. Neither H&H's complaint nor Chattem's petition for removal alleged any facts to indicate the citizenship of H&H's members. Accordingly, the district court did not have enough information at the time of removal to conclude that the diversity-of-citizenship requirement of 28 U.S.C. § 1332(a)(1) was satisfied.

However, subsequent developments in the record have assured us that it was. During discovery, H&H confirmed that it only had two members, both of whom had been residing in Nevada for many years at the time H&H filed suit. Accordingly, H&H is a citizen of Nevada. Given that neither Chattem nor Sun is incorporated or headquartered in Nevada, we are satisfied that complete diversity of citizenship was met, and the district court was empowered to exercise diversity jurisdiction over

2

H&H's action.

2.     Nevada's Uniform Trade Secrets Act (UTSA) expressly "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Nev. Rev. Stat. § 600A.090(1). The Nevada Supreme Court has therefore held that "[t]he plain language of NRS 600A.090 precludes a plaintiff from bringing a tort or restitutionary action 'based upon' misappropriation of a trade secret beyond that provided by the UTSA." *Frantz v. Johnson*, 999 P.2d 351, 357 (Nev. 2000) (quoting Nev. Rev. Stat. § 600A.090(2)(b)). A tort or restitutionary action is "based upon" misappropriation of a trade secret if "[t]he factual circumstances underlying the claims . . . are completely dependent on the facts concerning misappropriation of trade secrets." *Id.* at 357 n.3.

Here, all of H&H's causes of action sounding in tort and restitution are based upon H&H's allegations that Chattem and Sun misappropriated H&H's confidential information, which includes H&H's conversion methods for converting raw opium and concentrate of poppy straw into opiate-based raw materials. In its amended complaint, H&H expressly defined these conversion methods as "trade secrets, as defined in the Nevada Uniform Trade Secrets Act." Moreover, throughout this litigation, H&H has argued that it is entitled to the profits Chattem and Sun have enjoyed because of their misappropriation of H&H's confidential information—a theory of recovery that is available in a modified form under the UTSA. *See* Nev.

3

Rev. Stat. § 600A.050(1) ("Damages include both loss caused by misappropriation and unjust enrichment caused by misappropriation that is not taken into account in computing the loss.").

We conclude that the UTSA displaced H&H's common-law causes of action for tortious breach of the implied covenant of good faith and fair dealing, for breach of fiduciary duty, for constructive fraud, for fraudulent concealment, for fraudulent misrepresentation, for negligent misrepresentation, for negligence, for unjust enrichment, and for civil conspiracy. *See Frantz*, 999 P.2d at 358 (clarifying that a claim for civil conspiracy is displaced by the UTSA because it is grounded in tort). We therefore decline to reach the merits of H&H's arguments on appeal about the availability of, the elements of, and the pleading standards applicable to H&H's tort and restitutionary causes of action, since they are no longer operative under Nevada law.

Given that the district court failed to recognize the displacing effect of the UTSA in adjudicating H&H's tort and restitutionary causes of action, we vacate the district court's judgment with respect to those causes of action and remand to the district court to determine, in the first instance, whether H&H has already adequately pled a statutory UTSA claim in its amended complaint in light of H&H's allegation that its conversion methods are "trade secrets, as defined in the Nevada Uniform Trade Secrets Act," and if not, whether H&H should be granted leave to replead such

4

a claim.

3.      While the UTSA expressly "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," Nev. Rev. Stat. § 600A.090(1), the UTSA does not displace "[c]ontractual remedies," even if they are "based upon misappropriation of a trade secret," *id.* § 600A.090(2)(a). Such contractual remedies include those that may arise from contractual breaches of the implied covenant of good faith and fair dealing. *See Frantz*, 999 P.2d at 358 n.4. Accordingly, we must still evaluate whether the district court erred when it granted summary judgment to Chattem on H&H's causes of action for breach of contract and for contractual breach of the implied covenant of good faith and fair dealing on the basis that H&H failed to present any probative evidence on the element of damage.

The only evidence of damage H&H presented to the district court in opposition to summary judgment was its calculation of the profits earned from Sun's sale of various opiate end-products since 2007. H&H never attempted to quantify the damages caused by Chattem's breach of any express term of the parties' settlement agreement, such as expectancy damages or lost profits arising from Chattem's alleged failure to provide notice of Sun's acquisition of Chattem and Chattem's alleged disclosure of H&H's confidential information to Sun. *See Rd. & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 382 (Nev. 2012) (stating that

5

compensatory damages for breaching a contract typically "include[] awards for lost profits or expectancy damages"). Nor did H&H ever attempt to quantify the actual damages caused by Chattem's breach of the implied covenant of good faith and fair dealing, such as expectancy damages or lost profits arising from Chattem's alleged failure to keep H&H in the loop about any potential sale of the company and Chattem's alleged concealment of its lack of compliance with the settlement agreement in its annual letters of compliance to H&H.

Given that proof of damages caused by a contractual breach is an essential element of H&H's causes of action sounding in contract under Nevada law, *see id.*; *see also Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991), we agree with the district court that H&H failed to present a triable issue of fact on the required element of damage to withstand summary judgment on its standalone contract claims against Chattem. Although H&H claims that Nevada's common law of contract would recognize a disgorgement remedy here, H&H has cited no Nevada authority that supports such a contention, nor have we located any. Accordingly, we affirm the district court's entry of summary judgment on those claims in favor of Chattem.

To the extent that disgorgement of profits—an equitable remedy, *see Lathigee v. Brit. Columbia Sec. Comm'n*, 477 P.3d 352, 356–57 (Nev. 2020)—is available to H&H to redress Chattem's alleged contractual breaches relating to H&H's trade

6

secrets, a modified form of that equitable remedy may still be available to H&H through the successful prosecution of a statutory UTSA claim. *See* Nev. Rev. Stat. § 600A.050. Whether Chattem breached a contractual promise to maintain the secrecy of H&H's trade secrets or to limit their use by Sun is relevant to whether Chattem or Sun misappropriated them. *See id.* §§ 600A.030(1)(e), (2)(c)(2)(II), (III). If Chattem's contractual breach was willful, H&H could even be entitled to exemplary damages. *See id.* § 600A.050(2). On remand, the district court must consider such allegations of breach when determining whether H&H has already adequately pled a statutory UTSA claim, and if not, whether H&H should be granted leave to replead such a claim. Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part.**