**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2007-HY6 Mortgage Pass-Through Certificates, Series 2007-HY6; SELECT PORTFOLIO SERVICING, INC., | No. 16-56179 <br><br> D.C. No. 5:15-cv-02564-PA-KK <br><br> MEMORANDUM[*] |
| Plaintiffs-Appellees, | |
| v. | |
| EUGENIA MANCERA CELESTIN, an individual; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Eugenia Mancera Celestin and Sedrick Celestin appeal pro se from the district court's entry of default judgment against them in this diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error a district court's factual findings and for an abuse of discretion the grant of a default judgment. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by granting plaintiffs' motions for default judgment because the sufficiency of the complaint, the merits of plaintiffs' substantive claims, the unlikely possibility of a dispute concerning material facts, and fact that the default was not due to excusable neglect outweighed the other factors courts consider in determining whether to enter default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors to consider in determining whether to enter default judgment).

The district court did not abuse its discretion by denying the Celestins' motions to set aside the Clerk's entry of default because the Celestins failed to serve a timely responsive pleading or motion under Federal Rule of Civil Procedure 12(b) after being served with plaintiffs' complaint. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (setting forth standard of review and factors to consider in determining whether to set aside the entry of default).

16-56179

We lack jurisdiction over the judgment as to Anthony Acevedo because Acevedo did not sign the notice of appeal. *See* Fed. R. App. P. 3(c)(2) (requirements for a notice of appeal); Fed. R. App. P. 4(a) (the notice of appeal required by Rule 3 must be filed in the district court); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both mandatory and jurisdictional); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a nonattorney does not have authority to appear as an attorney for others).

We reject as unsupported by the record the Celestins' contentions regarding misconduct by the district judge and plaintiffs' counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**